**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                           **Case Nos.**  **05-3253-JWL**
                                     **Crim Nos.**  **04-20095**
PATRICIA MITCHELL,                       **03-20157**

        Defendant/Movant.
_____

**MEMORANDUM AND ORDER**

Defendant Patricia Mitchell pled guilty to one count of wire fraud in violation of Title 18 U.S.C. § 1343.  This matter comes before the court on Ms. Mitchell's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  After thoroughly reviewing Ms. Mitchell's pleadings and the record, the court will summarily deny the motion.

**BACKGROUND**

Ms. Mitchell executed a petition for collateral relief under 28 U.S.C. § 2255 on May 25, 2005, and on June 7, 2005, that petition was filed in the United States District Court for the District of Kansas.  In her petition, Ms. Mitchell asserts that her wire fraud conviction must be vacated because it was obtained in violation of the protection against double jeopardy.  As the only specific support for her claim, Ms. Mitchell alleges that "[t]he state arrested me, dropped the charges then the Feds picked it up."

As the United States' Response to Defendant's Petition indicates, Ms. Mitchell's petition potentially relates to two independent federal convictions.  Her first federal

conviction was for wire fraud.  Ms. Mitchell pled guilty to this charge on December 8, 2003,

and on March 29, 2004, she was sentenced to a 10-month term of imprisonment.  She did not

file a direct appeal, and this conviction became final on April 27, 2004.

In addition, and as a result of her failure to appear on this conviction, on September 13,

2004, Ms. Mitchell was indicted on one count of failure to appear in violation of 18 U.S.C. §

3146.  She pled guilty to this charge on September 13, 2004, and on October 25, 2004, she

was sentenced to an 18-month term of imprisonment, which was to run consecutively to the

sentence imposed for wire fraud.

## LEGAL STANDARD FOR A § 2255 MOTION

Title 28 U.S.C. § 2255 entitles a defendant to relief "[i]f the court finds that the

judgment was rendered without jurisdiction, or that the sentence imposed was not authorized

by law or otherwise open to collateral attack, or that there has been such a denial or

infringement of the constitutional rights of the prisoner as to render the judgment vulnerable

to collateral attack."  28 U.S.C. § 2255.

A § 2255 motion is not a substitute for appeal, and therefore, relief is not available

merely because of error that may have justified reversal on direct appeal.  *United States v.*

*Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

Rather, relief under § 2255 is warranted only for jurisdictional or constitutional claims or

errors that reveal "a fundamental defect which inherently results in a complete miscarriage of

justice."  *Addonizio*, 442 U.S. at 185 (internal quotation omitted).  Within this realm, "the

term 'miscarriage of justice' means that the defendant is actually innocent.'" *Underwood v.*

2

*United* States, 166 F.3d 84, 88 (2nd Cir. 1999) (citing *United States v. Olano,* 507 U.S. 725, 736 (1993)).   Finally, the court must presume correct the proceedings that led to the defendant's conviction.  *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989).

## DISCUSSION

### 1.     *Confusion Over Which Federal Conviction is under Review*

An immediate issue in Ms. Mitchell's § 2255 petition is the uncertainty over which of her two federal convictions she is challenging.    Although Ms. Mitchell clearly identifies her wire fraud conviction as the one she is challenging in paragraph 12 of her petition, she also identifies both her wire fraud conviction and her failure to appear conviction in paragraphs 3, 4, and 17.  She also lists her case number for her failure to appear conviction atop her petition. Ultimately, it is unclear which conviction she is challenging.

Specifying which conviction is at issue is vital because, under § 2255,  a petition for relief is limited to only one judgment; thus, Ms. Mitchell may challenge only one of her two federal convictions with this § 2255 petition.   *See* Rule 2(c), Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2255.

This same issue arose in *United States v. Feekes*, 582 F. Supp. 1272 (D.C. Wis. 1984). In that case, the defendant attempted to challenge two convictions within the same  § 2255 petition.  The court in *Feekes* explained that the defendant's motion "contains a technical flaw, since Rule 2(c) . . . provides that a motion under that section shall be limited to a claim for relief against no more than one judgment of the district court." *Id.* at 1274.  However, the court ignored the procedural defect in that case because   "the plea agreement in question

actually encompassed both cases and the issues involved are the same in both." *Id*.

Those unique facts are not present in this case, so the initial confusion remains. To resolve this dilemma, the court construes Ms. Mitchell's petition to be a challenge to her wire fraud conviction. This is the most reasonable path because the risk of double jeopardy rationally would not apply to her conviction for failure to appear. Also, her stated ground for relief is double jeopardy based on the fact "the state arrested [her], dropped the charges then the Feds picked it up." This is the only direct allegation of double jeopardy in her petition, and in this specific section she lists only her conviction for wire fraud. Therefore, the court focuses on her wire fraud conviction in the following analysis. In any event, the court's conclusions regarding her allegation of double jeopardy would apply equally in the alternative to her conviction for failure to appear.

2.    ***Ms. Mitchell's Petition to Reverse Her Wire Fraud Conviction is Time-Barred***

The United States suggests that Ms. Mitchell's petition regarding her wire fraud conviction must be denied because it is time-barred. The United States is correct in its assertion. Ms. Mitchell's wire fraud conviction became final on or before April 27, 2004. Upon her conviction becoming final, she had one year to file a § 2255 petition. *See United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (explaining that a one-year statute of limitations applies to a § 2255 petition). However, the earliest possible date that Ms. Mitchell filed her petition was on the date she executed it, which was on May 25, 2005. *See United States v. Gray*, 182 F.3d 762, 764 (10th Cir.1999) (Under the "prison mailbox rule," the date

4

of filing a § 2255 petition is the date that a prisoner signs and also delivers mail to prison authorities for forwarding to the court.).    Because the filing date of her petition was more than one year after the date her conviction became final, Ms. Mitchell's § 2255 petition is time-barred.

**3.      *There is No Need for a Hearing to Decide Ms. Mitchell's § 2255 Petition Because the Petition Fails to State a Claim for Relief on Its Face***

Even if Ms. Mitchell's petition somehow were not time-barred, her petition nevertheless fails to state a recognizable claim for relief.    In this case, the defendant asserts that her conviction for wire fraud violates the protection against double jeopardy.    As a general rule, the court must hold an evidentiary hearing on a § 2255 motion, "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255).    "This does not mean that a fuller explanation is required in every summary denial of a § 2255 motion."    *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).    *See also United States v. Lopez,* 100 F.3d 113, 119 (10th Cir.1996) (same).    Thus, "[a] prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right. . . . To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings." *David v. United States*, 134 F.3d 470, 477-78 (1st Cir. 1998) (insisting that "a habeas petitioner is not automatically entitled to a hearing and normally should not receive one if his allegations are 'vague, conclusory, or palpably incredible.'    This is true . . . even 'if the record does not

5

conclusively and expressly belie [the] claim.'" (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

The duty of the court to dispose of a clearly invalid petition without a hearing is confirmed by Rule 4(b) of § 2255.  It provides: "[T]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  Federal Rules Governing Section 2255 Proceedings in the United States Courts, Rule 4(b).  *See also United States v. Hepburn*, 2005 WL 1048758, *1 (E.D. Va. 2005) (denying a petition without a hearing pursuant to Rule 4(b)).

In this case, an evidentiary hearing is not required because the motion, files, and record of the case conclusively show that even if the facts as asserted by Ms. Mitchell are true, she is not entitled to relief.  *See Broadwater*, 292 F.3d at 1303 (holding that "there are undoubtedly simple § 2255 motions which obviously have no merit because the allegations, even if true, would not afford relief.").  Ms. Mitchell's petition alleges that "the state arrested [her], dropped the charges then the Feds picked it up."  Yet even if the court accepts this statement as true, this does not establish double jeopardy.

This is because jeopardy never attached in the state's case against Ms. Mitchell.  As a starting point, "[t]he threshold requirement of any double jeopardy claim is the attachment of jeopardy in more than one proceeding."  *United States v. Austin*, 914 F. Supp. 441, 442 (D. Kan. 1996).  "In a jury trial, jeopardy attaches when the jury is impaneled and sworn; in a bench

trial, jeopardy attaches when the first witness is sworn." *United States v. Raymer*, 941 F.2d 1031, 1038 (10th Cir. 1991). *See also Crist v. Bretz,* 437 U.S. 28, 37-38 (1978); *Serfass v. United States,* 420 U.S. 377, 388 (1975) (same).

Failure of jeopardy to attach in this case is confirmed by *Raymer*. In that case, both the state of Oklahoma and the United States filed criminal charges against the defendant. However, the state dropped its prosecution before trial commenced. 941 F. 2d at 1038. Thus, the court held that because the state's case did not reach the trial stage, "jeopardy never attached in the Oklahoma state prosecution." *Id*. Likewise, and as Ms. Mitchell's own petition confirms, in this case there was no state prosecution that reached trial. Consequently, jeopardy never attached.

Independently, even if the state had prosecuted Ms. Mitchell's state criminal case to trial, the dual sovereignty doctrine would preclude Ms. Mitchell's claim for relief. The double jeopardy clause of the Fifth Amendment "'"bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant already has been prosecuted.'" *Raymer,* 941 F.2d at 1037 (quoting *Grady v. Corbin*, 495 U.S. 508 (1990) (footnote omitted)). There is a risk of double jeopardy "when there are 'successive prosecutions arising from virtually the same conduct involving the same actors and overlapping time frames.' It is well established, however, that a subsequent federal prosecution based upon the same conduct as a terminated state prosecution does not violate the double jeopardy clause of the fifth amendment." *Id*. (internal citations omitted). The dual sovereignty doctrine "rests

7

upon the notion that laws of separate sovereigns are indeed separate and that one act may violate the laws of each; accordingly, prosecution by each cannot be for the *same* offense and double jeopardy concerns are not implicated." *Id.* Because the state and federal prosecutions are entirely independent actions of independent sovereigns, simultaneous state and federal prosecutions for the same conduct does not violate the protection against double jeopardy.

**IT IS THEREFORE ORDERED BY THE COURT** that Ms. Mitchell's motion to vacate, set aside, or correct her sentence for wire fraud pursuant to 28 U.S.C. § 2255 (doc. # 26) is summarily denied under Rule 4(b) of the Federal Rules Governing § 2255 Proceedings in the United States Courts.

**IT IS SO ORDERED** this 19th  day of August, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

8